THE STATE OF OHIO, APPELLEE, *v.* SHEDRICK, APPELLANT.

[Cite as State *v.* Shedrick (1991), 59 Ohio St. 3d 146.]

(No. 90-405—Submitted January 23, 1991—Decided May 8, 1991.)

(Motion for Rehearing Pending May 15, 1991.)

*Lynn C. Slaby,* prosecuting attorney, and *Philip D. Bogdanoff,* for appellee.

*Saundra J. Robinson* and *Stanley E. Tolliver, Sr.,* for appellant.

H. BROWN, J. This case requires us to resolve two issues: (1) what constitutes "evidence given in court" for purposes of the exclusion under R.C. 2151.358(H); (2) whether the testimony describing the prior rape constitutes "other act" evidence to identify the perpetrator under Evid. R. 404(B) and R.C. 2945.59.

I

Evidence Given in a Juvenile Proceeding

We turn first to the question of what constitutes evidence given in court for purposes of the exclusion under R.C. 2151.358(H). Specifically we must decide whether the testimony given in this case, by C.Y., her mother, and the investigating detective, about the rape of C.Y., fits under R.C. 2151.358(H)'s exclusion as evidence given in court.

R.C. 2151.358(H) provides in pertinent part:

"* * * The disposition of a child under the judgment rendered or *any evidence given in court is not admissible as evidence against the child in any other case or proceeding in any other court,* except that the judgment rendered and the disposition of the child may be considered by any court only as to the matter of sentence or to the granting of probation."[1] (Emphasis added.)

We must determine what constitutes "evidence given in court." The state urges us to adopt a narrow interpretation of "evidence" for purposes of R.C. 2151.358(H). It argues that the statute only precludes the introduction of the juvenile disposition or the transcript of the juvenile proceeding in a subsequent proceeding. Without this narrow interpretation, the state maintains, the statute would prohibit a victim, who had given testimony against a juvenile in a juvenile proceeding, from bringing a civil suit for damages because the victim would be unable to testify against the juvenile in the civil suit.

We are not persuaded. The language employed in R.C. 2151.358(H) does not limit its prohibition to the transcript of testimony. The statute precludes the use of certain evidence.

Evidence is that which is offered to prove the existence or non-existence of a fact under oath or affirmation in a legal proceeding. The parties may present evidence in a variety of ways. It may be in the form of witness testimony in person or by deposition, it may consist of writings such as records or documents, or it may be in the form of exhibits or other concrete objects. See, *e.g., Taylor* v. *Howard* (1973), 111 R.I. 527, 530, 304 A. 2d 891, 893.

When evidence is given in the form of testimony, it is the essential subject

---

[1] R.C. 2151.358(H) provides in full:

"The judgment rendered by the court under this chapter shall not impose any of the civil disabilities ordinarily imposed by conviction of a crime in that the child is not a criminal by reason of the adjudication, nor shall any child be charged or convicted of a crime in any court except as provided by this chapter. The disposition of a child under the judgment rendered or any evidence given in court is not admissible as evidence against the child in any other case or proceeding in any other court, except that the judgment rendered and the disposition of the child may be considered by any court only as to the matter of sentence or to the granting of probation. The disposition or evidence shall not operate to disqualify a child in any future civil service examination, appointment, or application."

matter of the testimony which constitutes the evidence and not the precise words used. The transcript is not the "evidence," but only a record of the evidence. Therefore, where a witness has testified in a juvenile proceeding, R.C. 2151.358(H) prohibits that witness from giving essentially the same testimony in any other case or proceeding. Accordingly we hold that, under R.C. 2151.358(H), testimony, documents, or exhibits, presented as evidence against a juvenile in a juvenile proceeding, are inadmissible against the juvenile in any other case or proceeding.[2] Conversely, testimony of a witness which is not essentially the same as that given in the prior juvenile proceeding, is not barred from admission in a subsequent case or proceeding by R.C. 2151.358 (H).

Our interpretation of R.C. 2151.358(H) does not end the inquiry necessary to decide this case. Appellant argues that the "spirit" of R.C. 2151.358(H) precludes the use of any evidence which formed the basis of a prior juvenile disposition. Appellant relies on *Malone* v. *State* (1936), 130 Ohio St. 443, 453-454, 5 O.O. 59, 63, 200 N.E. 473, 478, in which this court reasoned that, because juvenile delinquencies are not looked upon in the same way as adult criminal convictions, the statutory purpose was to protect the juvenile from the adverse use of his or her juvenile record at a later date. Appellant argues that even if he pled guilty to the allegations of a juvenile complaint, any evidence which could have been used against him is inadmissible in a subsequent case. See *State* v. *Hall, supra.*

We do not agree. This argument is also resolved by the language of R.C. 2151.358(H). The language is unambiguous in its prohibition against "any evidence given in [juvenile] court." The statute does not exclude evidence that *might* have been given in juvenile court.

In this case, whether the statute bars the prior rape testimony of C.Y., her mother, and Officer Bambrick depends on whether these witnesses testified at Shedrick's juvenile proceeding and whether their previous testimony was essentially the same as that which they gave in the present case.

The record presented to us does not permit us to answer these questions. When questioned at oral argument about whether these witnesses testified at Shedrick's juvenile proceeding, counsel for the state represented that the record was silent on this matter. However, counsel stated his belief, based on facts outside the record, that Shedrick had pled guilty to raping C.Y. and that, therefore, no testimony or evidence of any kind was presented against him.

The record, however, appears to contradict this representation. During oral argument for his motion *in limine,* defense counsel made repeated references to the fact that Shedrick had pled not guilty to C.Y.'s rape. Furthermore, defense counsel referred to C.Y.'s testimony at Shedrick's juvenile trial.

Because of the discrepancy between the facts represented by state's counsel at oral argument and the facts suggested by the record, we must remand the case to the trial court for a

---

[2] The conflict in the interpretations that have attended R.C. 2151.358(H), and the potential ramifications for civil litiga- tion, may be cause for the General Assembly to re-examine the statutory language it has employed.

disposition in accordance with the law as we have set it forth. If C.Y., her mother, or Officer Bambrick testified at the juvenile proceeding, then R.C. 2151.358(H) bars the testimony of those witnesses in this case to the extent that such testimony is essentially the same as that previously given. On the other hand, if any one of these three witnesses did not testify at the juvenile proceeding or if their testimony in the instant case was not essentially the same, then such testimony would be admissible in the instant case. Finally, if evidence was admitted in this case in violation of R.C. 2151.358(H), the trial court must determine whether the effect was prejudicial and whether a new trial is warranted for Shedrick.

## II

### "Other Act" Evidence

This case also requires us to determine whether there was sufficient commonality between the rape of C.Y. and Lori Ewald's rape to admit evidence of the prior rape to prove identity, plan, scheme, or system under Evid. R. 404(B) and R.C. 2945.59.

Ordinarily, evidence of the defendant's prior conduct that tends to show bad character is inadmissible to prove conduct in issue at trial. See Evid. R. 404. An exception to this rule, however, is provided in Evid. R. 404(B), which states:

"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

A similar provision is found in R.C. 2945.59, which provides:

"In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant."

Although R.C. 2945.59 does not specifically state that other acts may be admitted to prove the defendant's identity, we have held that the issue of identity is included within the concept of scheme, plan, or system. *State* v. *Broom* (1988), 40 Ohio St. 3d 277, 281, 533 N.E. 2d 682, 689; *State* v. *Curry* (1975), 43 Ohio St. 2d 66, 73, 72 O.O. 2d 37, 41, 330 N.E. 2d 720, 725-726.

Evid. R. 404(B) and R.C. 2945.59 codify an exception to the common law. *Broom, supra,* at 281-282, 533 N.E. 2d at 689-690; *State* v. *Burson* (1974), 38 Ohio St. 2d 157, 158-159, 67 O.O. 2d 174, 175, 311 N.E. 2d 526, 528. In order to be admissible the "other act" evidence must "tend to show," by substantial proof, the defendant's identity, plan, scheme, or system. Neither the statute nor the rule requires that the other act be "like" or "similar" to the crime charged, as long as the prior act tends to show one of the enumerated factors. *Broom, supra,* at 282, 533 N.E. 2d at 690; *State* v. *Flonnory* (1972), 31 Ohio St. 2d 124, 126, 60 O.O. 2d 95, 96-97, 285 N.E. 2d 726, 729.

When the identity of the perpetrator is at issue, "other act" evidence tends to show the defendant's identity as the perpetrator by showing that he "committed similar crimes within a

period of time reasonably near to the offense on trial, and that a similar scheme, plan or system was utilized to commit both the offense at issue and the other crimes." *Curry, supra,* at 73, 72 O.O. 2d at 41, 330 N.E. 2d at 726; *Broom, supra,* at 282, 533 N.E. 2d at 690.

In the case before us the identity of the perpetrator is at issue because Shedrick denies that he raped and murdered Lori Ewald. Both Lori Ewald and C.Y. were thirteen years old and were returning home or had just returned home when they were raped. C.Y. testified that Shedrick pulled her pants down and turned them inside out, then raped her vaginally, orally, and anally. C.Y. also testified that Shedrick stabbed her in the neck with a pair of scissors and that he first attacked her by grabbing her neck. Lori Ewald's body was found with her pants pulled down, turned inside out and around her ankles; also she had been vaginally and anally raped. The coroner testified that Lori Ewald had been stabbed in the neck with an instrument other than a knife, such as scissors, and that her neck was broken.

We conclude that the similarities between the two crimes are sufficient. The evidence of the first rape tends to show the identity of the perpetrator of the second. Therefore, evidence of Shedrick's prior rape of C.Y. meets the requirements for admission set by Evid. R. 404(B) and R.C. 2945.59.

### III

### Conclusion

For the foregoing reasons we affirm the court of appeals with respect to its holding that evidence of the prior rape fits within the prior act exception. We reverse the court of appeals with respect to its interpretation of R.C. 2151.358(H), and remand the cause to the trial court for further proceedings consistent with this opinion.

*Judgment reversed in part,
affirmed in part,
and cause remanded.*

MOYER, C.J., DOUGLAS and WRIGHT, JJ., concur.

SWEENEY, HOLMES and RESNICK, JJ., concur in part and dissent in part.

WRIGHT, J., concurring. I concur in the opinion of the majority; however, I write separately to emphasize a result of this statute, touched on by the majority, that raises serious constitutional concerns and that may warrant legislative consideration.

Much of the content of R.C. 2151.358 protects a juvenile offender from being haunted by a previous juvenile offense or charge. The statute reaches this goal through a variety of means, including the sealing and expungement of juvenile records. R.C. 2151.358(C), (D) and (F). R.C. 2151.358(H) goes further and bars the reintroduction of evidence "in any other case or proceeding in any other court * * *."

The dissent argues that "evidence" means "transcript." However, as the majority aptly points out, "evidence" is a much broader term than "transcript," referring to the content of testimony rather than merely the record of testimony. Obviously the General Assembly could have said "transcript" if that is what it intended.

While this statute has sweeping implications, there is no doubt of its constitutional application to the present case. In this case, the state may be using evidence from a prior juvenile adjudication to incriminate the defendant. This the statute prohibits. There can be no doubt the General Assembly may so restrict the state.

However, I have grave reservations concerning application of this evidentiary exclusion to a civil action brought by a private litigant. This statute arguably precludes a crime victim who testifies for the state from later testifying in a civil action. This statute would thereby pervert the judicial system such that a crime victim would best be able to protect his or her interests by not reporting a crime but rather by prosecuting a civil action instead. This statute also suggests that a juvenile defendant should not plead guilty, but rather call every potential witness against him or her, thereby precluding damaging testimony in a subsequent civil action.

Because this statute, when applied to a privately instituted civil action, has a potential of contorting the legal system in a seemingly arbitrary manner, it deserves another look by the General Assembly.

HOLMES, J., concurring in part and dissenting in part. The majority opinion is an example of unfortunate inconsistency. On the one hand, the majority readily concludes that the questioned testimony of C.Y. constitutes "other acts" evidence per R.C. 2945.59 and Evid. R. 404(B), with which interpretation I agree, but on the other hand the majority would exclude such testimony if found to be "essentially the same" as the testimony given previously by C.Y. in a juvenile proceeding involving this defendant, with which interpretation I disagree. I believe this to be an erroneous conclusion for the reasons which follow.

The basic purpose of R.C. 2151.358 is to protect the actual proceedings that took place previously in the juvenile court and to uphold the integrity of those proceedings. Accordingly, the transcript of the testimony of witnesses, or depositions taken, or any other specific evidence utilized in such prior juvenile proceeding, or the record of the disposition of that matter, may not be used later against the child in any other case or proceeding in any other court. However, this statute does not prohibit the same witnesses who testified previously from testifying later as to what is within their own knowledge concerning past events in which the witnesses and the defendant, the child in the prior juvenile case, were involved.

Here, there was no use of the transcript of the testimony of C.Y. in the prior juvenile proceeding nor was there a use of any depositions taken in that proceeding. Furthermore, C.Y. did not read from any transcription of her prior testimony. The testimony of C.Y. here, or that of any other victim witness in such a situation, is a statement of a personally recollected event, and not a recount or reiteration of her (or anyone else's) prior testimony given in the juvenile proceeding. Moreover, this type of testimony is a presentation anew of facts remembered of a prior incident. In the case sub judice, the defendant was charged as an adult with a heinous rape/murder, and denied that he was the one who committed these crimes. The testimony of C.Y. relating her prior unfortunate experience with this defendant, and the remarkable similarity of those acts of rape with those for which the defendant was charged here, present a vivid example of where "other acts" testimony is lawfully, and reasonably, admissible pursuant to R.C. 2945.59 and Evid. R. 404(B).

Such testimony of a victim witness, even though "essentially the same" as the prior testimony given, should not be excluded on the basis of R.C. 2151.358, in that this type of testimony is not that which such section prohibits. Not only is this exclu-

sion by the majority a disservice to the criminal process, but as noted by the majority opinion such a strict reading as given this statute would prevent a victim who had testified against the child in a juvenile court proceeding from ever seeking redress in any other court proceeding, civil or criminal.

The result of this approach of the majority results in more than a protection of the integrity of the juvenile court proceeding—it results in thwarting justice.

SWEENEY and RESNICK, JJ., concur in the foregoing opinion.