The STATE of Ohio, Appellee,

v.

SHEDRICK, Appellant.

[Cite as *State v. Shedrick* (1992), 80 Ohio App.3d 823.]

Court of Appeals of Ohio,
Summit County.

No. 15368.

Decided July 29, 1992.

Certiorari Denied May 17, 1993.
See 113 S.Ct. 2374.

824

*Phillip D. Bogdanoff,* Assistant Prosecuting Attorney, for appellee.
*James R. Willis* and *Stanley Tolliver Sr.,* for appellant.

CACIOPPO, Judge.

The appellant, Donald Shedrick, was found guilty of aggravated murder; guilty of two counts of rape; and guilty of aggravated burglary. These convictions involved the violent rape and murder of thirteen-year-old Lori Ewald.

Shedrick appealed to this court, which affirmed the convictions. The primary issue on appeal was whether the testimony of a previous Shedrick rape victim, that victim's mother, and a police officer violated R.C. 2151.358(H) and Evid.R. 404(B). In affirming the convictions, this court held that R.C. 2151.358(H) prohibited only the use of the transcript of testimony from a prior juvenile proceeding, and that the evidence of the previous rape satisfied the admission requirements for "other acts" evidence under Evid.R. 404(B). *State v. Shedrick* (Feb. 28, 1990), Summit App. No. 14211, unreported, 1990

WL 18132. Finding its decision to be in conflict with *State v. Hall* (1989), 57 Ohio App.3d 144, 567 N.E.2d 305, concerning the applicability of R.C. 2151.-358(H), this court certified the case to the Supreme Court of Ohio.

The Supreme Court held:

"1. Under R.C. 2151.358(H), testimony, documents, or exhibits, presented as evidence against a juvenile in a juvenile proceeding, are inadmissible against the juvenile in any other case or proceeding. (R.C. 2151.358(H), construed.)

"2. Where a witness has testified in a juvenile proceeding, R.C. 2151.-358(H) prohibits that witness from giving essentially the same testimony in any other case or proceeding.

"3. The testimony of a witness which is not essentially the same as that given in the prior juvenile proceeding is not barred from admission in a subsequent case or proceeding by R.C. 2151.358(H)." *State v. Shedrick* (1991), 59 Ohio St.3d 146, 572 N.E.2d 59, paragraphs one, two and three of the syllabus.

The Supreme Court further found that the evidence was properly admissible under Evid.R. 404(B) and R.C. 2945.59. On rehearing, the Supreme Court, in clarifying its previous holding, held:

"1. Under R.C. 2151.358(H), testimony, documents, or exhibits, presented as evidence against a juvenile in a juvenile proceeding, are inadmissible against the juvenile in any other criminal case or criminal proceeding except ones in which the same underlying alleged crime is being adjudicated. (R.C. 2151.358[H], construed.)

"2. Where a witness has testified in a juvenile proceeding, R.C. 2151.-358(H) prohibits that witness from giving essentially the same testimony in any other criminal case or criminal proceeding. (*State v. Shedrick* [1991], 59 Ohio St.3d 146, 572 N.E.2d 59, vacated and clarified.)" *State v. Shedrick* (1991), 61 Ohio St.3d 331, 574 N.E.2d 1065, paragraphs one and two of the syllabus.

The Supreme Court remanded the case to the trial court with the following instructions:

"Because of the discrepancy between the facts represented by state's counsel at oral argument and the facts suggested by the record, we must remand the case to the trial court for a disposition in accordance with the law as we have set it forth. If C.Y., her mother, or officer Bambrick testified at the juvenile proceeding, then R.C. 2151.358(H) bars the testimony of those witnesses in this case to the extent that such testimony is essentially the same as that previously given. On the other hand, if any one of these three

witnesses did not testify at the juvenile proceeding or if their testimony in the instant case was not essentially the same, then such testimony would be admissible in the instant case. Finally, if evidence was admitted in this case in violation of R.C. 2151.358(H), the trial court must determine whether the effect was prejudicial and whether a new trial is warranted for Shedrick." *Id.* at 336, 574 N.E.2d at 1069.

On remand, the state stipulated that the subject witnesses had testified at Shedrick's juvenile proceeding, and that their testimony at the juvenile proceeding and this criminal proceeding was similar, thus rendering the testimony inadmissible under R.C. 2151.358(H). Thus, the only issue remaining for the trial court was the possible prejudicial effect of the evidence. After reviewing the evidence, the trial court determined that:

"(1) Excluding the evidence of similar acts admitted erroneously at trial including the testimony of C.Y., her mother and police officer Daniel Bambrick, the remaining evidence, if believed by the triers of fact, warrants a finding of guilty beyond a reasonable doubt of the crimes of which the Defendant was convicted.

"(2) The error in the admission of such evidence of similar acts was harmless beyond a reasonable doubt because the remaining evidence standing alone constitutes overwhelming proof of defendant's guilt.

"(3) The above-referenced error in the admission of evidence of similar acts was nonprejudicial because it was harmless beyond a reasonable doubt in that it affirmatively appears on the record that the defendant was not prejudiced thereby.

"(4) The other evidence (excluding the similar acts testimony) standing alone constitutes overwhelming proof of defendant's guilt."

Based upon these determinations, the trial court denied Shedrick a new trial.

Shedrick appeals from the trial court's determination on remand, asserting the following assignments of error:

### Assignments of Error

"I. The trial court erred and the appellant was denied due process when he (i.e., the appellant) was not awarded a new trial.

"II. The court erred in ruling certain evidence was admissible under favor of Rule 404(B)."

The primary issue for review in this appeal is whether the introduction of the evidence in violation of R.C. 2151.358(H) was prejudicial to Shedrick or whether it constituted harmless error.

 The Supreme Court of the United States has recognized the test set forth in *Chapman v. California* (1967), 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705, rehearing denied (1967), 386 U.S. 987, 87 S.Ct. 1283, 18 L.Ed.2d 241, as the proper standard for evaluating whether an error is harmless. *Yates v. Evatt* (1991), 500 U.S. ——, ——, 111 S.Ct. 1884, 1892, 114 L.Ed.2d 432, 448. The *Chapman* test is whether it appears "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." *Id.* Where constitutional error in the admission of evidence is extant, the error is harmless if the remaining evidence, standing alone, constitutes overwhelming proof of the defendant's guilt. *State v. Stephenson* (Aug. 7, 1991), Lorain App. No. 90CA004942, unreported, 1991 WL 150993, citing *State v. Williams* (1983), 6 Ohio St.3d 281, 6 OBR 345, 452 N.E.2d 1323, paragraph six of the syllabus. The harmless-error doctrine recognizes that the central purpose of a criminal trial is to determine guilt or innocence, and promotes public respect for the criminal process by focusing on the fairness of the trial, rather than the inevitable presence of immaterial error. *Stephenson, supra,* citing *Delaware v. VanArsdall* (1986), 475 U.S. 673, 681, 106 S.Ct. 1431, 1436, 89 L.Ed.2d 674, 685. To undertake a proper harmless-error review, we must review the entire record. *Yates,* 500 U.S. at ——, 111 S.Ct. at 1894, 114 L.Ed.2d at 449.

 We have reviewed the entire record of Shedrick's criminal trial and agree with the trial court that the introduction of the subject evidence constituted harmless error as it did not contribute to the ensuing verdict. To say that an error did not contribute to the ensuing verdict is not to say that the jury was totally unaware of that feature of the trial later held to have been error. *Id.* Rather, to say that an error did not contribute to the verdict is to find that the error is unimportant in relation to everything else the jury considered on the issue in question, as revealed by the record. *Id.*

A review of the entire record indicates that the evidence, exclusive of the testimony of the prior victim, her mother, and the officer who investigated the prior attack, was substantial. Exclusive of these three witnesses, the state produced twenty-one witnesses. The testimony of these witnesses indicated that Shedrick and Lori had previously interacted, and that Shedrick had exhibited inappropriate conduct which had caused Lori to fear him. Prior to the rape and murder, Lori and her young brother had received threatening phone calls from a source inside the motel where their families resided. Lori's brother stated that the caller sounded like Shedrick.

The evidence further indicated that Lori arrived home from school between 2:45 p.m. and 2:50 p.m. on the day of the murder, and that Shedrick arrived between 3:05 and 3:12 p.m. Testimony also indicated that Shedrick had inquired on a previous occasion as to when the members of the Ewald family

arrived home daily, and was informed of the family's schedule. There was also testimony that they were the only people in the rear of the motel during the time the crimes were committed. Furthermore, numerous inconsistencies in Shedrick's statements concerning his actions upon returning to the motel were brought out in witness testimony. Shedrick also claimed to have broken down the door after the body was discovered, entered the room, lifted and rolled the upper torso of the body into his arms, and then placed the body back down. The testimony of witnesses, however, indicated that Shedrick was in the room for an insufficient time to perform these acts, that due to the positioning of furniture in the room it was not possible to kneel next to the body as claimed by Shedrick, and that the positioning of the body and the blood stains indicated that the body had not been moved after the murder.

Fiber evidence also contradicted Shedrick's version of events. Fibers similar to those found in clothing owned by Shedrick were found on the outside of Lori's pants, which had been turned inside out during the attack, indicating that Shedrick had come into contact with Lori prior to the point where her pants had been pulled down. Furthermore, fibers similar to those from Lori's clothing were found on the inside of Shedrick's pants. Also, a blood stain on Shedrick's pants was identified as having originated on the inside of Shedrick's pants and seeped through to the outside of his pants. When Shedrick went through intake at the juvenile detention center, a pair of women's panties found in his possession was later identified as identical to a pair given to Lori by an older half-sister. Based upon the aforementioned evidence, as well as additional evidence too voluminous to set forth in this opinion, the trial court was correct in determining that the introduction of the juvenile proceeding evidence was harmless. It should be noted that the evidence listed above is only a brief review of the evidence implicating Shedrick, rather than a recitation of all of the incriminating evidence before the jury.

The second assignment of error contends that the subject evidence violated Evid.R. 404(B). This contention was not before the trial court in its limited review, and as such is not properly before this court. Furthermore this court, as well as the Supreme Court, has addressed this contention and found it to be without merit.

The assignments of error are overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

REECE and COOK, JJ., concur.