[Cite as *State v. Short*, 2011-Ohio-5245.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-100552 |
| | | TRIAL NO. B-1000481 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| PAUL SHORT, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal:  October 14, 2011

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Judith Anton Lapp*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Elizabeth E. Agar*, for Defendant-Appellant.

Please note:  This case has been removed from the accelerated calendar.

Per curiam.

{¶1}    Defendant-appellant Paul Short was indicted on eight counts for sexual-abuse crimes that occurred approximately twenty years ago against M.M., who was, at that time, a young boy entering his teenage years.  The charges included single counts of rape and corruption of a minor, two counts of sexual battery, and four counts of gross sexual imposition.

{¶2}    The state filed an intent to use evidence, and a hearing was held on June 7, 2010.  A jury trial began on June 29, 2010.  The jury found Short guilty of sexual battery and two counts of gross sexual imposition.  The jury was undecided on one count of corruption of a minor, but it found Short not guilty of the remaining three charges.

{¶3}    Short was sentenced under the law that existed at the time of the crimes to a two-year prison term for each offense, to be served consecutively.  On appeal, he raises three assignments of error.  Finding none of his assignments of error meritorious, we affirm the judgment of the trial court.

### I. Other-Acts Evidence

{¶4}    In his first assignment of error, Short argues that the trial court erred in permitting the state to introduce evidence of other bad acts wholly unrelated to the indicted charges.  The state argues, on the other hand, that testimony from D.E., J.R., and K.P. was admissible under R.C. 2907.02(D), R.C. 2945.59, and Evid.R. 404(B) to show Short's motive and intent as well as his modus operandi.  We agree with the state.

{¶5}    R.C. 2907.02(D) provides that evidence of specific instances of a defendant's sexual activity, otherwise inadmissible, may be properly admitted during a rape trial when the court finds that "the evidence is material to a fact at issue in the case and that the inflammatory or prejudicial nature does not outweigh its probative value."

We will not disturb "the evidentiary determination of a trial court under R.C. 2907.02(D)" absent a showing of an abuse of discretion which amounts to prejudicial error. See *State v. Love* (June 4, 1997), 1st Dist. No. C-960499. We utilize the same standard when reviewing the admissibility of evidence pursuant to R.C. 2945.59 and Evid.R.404(B). Id.

{¶6} Here, evidence of Short's interactions with young athletic boys from Cincinnati's west side—by first befriending them at a school playground or a school sporting event, then taking them to professional sporting events, buying them gifts, inviting them to various homes where he lived and encouraging them to enjoy the hot tub, video games, and large screen television in his basement, and then introducing them to alcohol, pornography, and sexual devices—all showed a pattern or sequence of events that Short used to gradually build trust with the boys before sexual abusing them. The boys testified that after they became comfortable with Short, he would "playfully" touch his penis and theirs, encourage them to engage in mutual masturbation, and then move on to oral sex and/or anal sex with them.

{¶7} This evidence, which outlined a formula for grooming the young boys into sexual partners, was relevant to show Short's motive and intent, as well as his modus operandi, and was, therefore, admissible under Evid.R. 404(B) and R.C. 2945.59. See *State v. Jamison* (1990), 49 Ohio St.3d 182, 552 N.E.2d 180, syllabus; *State v. Shedrick* (1991), 61 Ohio St.3d 331, 338, 574 N.E.2d 1065; *State v. Curry* (1975), 43 Ohio St.2d 66, 330 N.E.2d 720; *State v. Love*, supra; *State v. Liddle*, 9th Dist. No. 23287, 2007-Ohio-1820, ¶57; *State v. Ristich*, 9th Dist. No. 21701, 2004-Ohio-3086, ¶24.

{¶8} Furthermore, the trial court instructed the jury that this other-acts evidence "was received only for a limited purpose." The court told the jury that it could not consider the evidence to prove character or that a person "acted in conformity with

that character." Thus, the jury was properly instructed in its use. The jury's verdicts of acquittal on three counts, and its failure to reach a verdict on the fourth count, also undercuts Short's argument that the jury was so inflamed by this other-acts evidence that its verdicts were rendered solely upon passion or prejudice. As a result, we overrule his first assignment of error.

## II. The Indictment

{¶9}    In his second assignment of error, Short contends that the trial court erred to his prejudice when it permitted the state to allege multiple undifferentiated acts in a single charge in the indictment. We disagree.

{¶10}    In *State v. Lukacs*, 188 Ohio App.3d 597, 2010-Ohio-2364, 936 N.E.2d 506, ¶42, this court recognized the unique nature of child sex abuse cases by holding that "[p]recise dates and times are not essential elements of offenses, and the failure to provide them is not fatal to the indictment. '[L]arge time windows in the context of child abuse prosecutions are not in conflict with constitutional notice requirements.' " We stated that when a child is victimized over an extended period of time, an indictment may allege criminal conduct that extends over a range of dates. This is particularly so when the defendant does "not raise a date-specific defense, such as an alibi defense." Id. at ¶50. Because Lukac's defense was that the abuse had never occurred, "Lukacs was not prejudiced by the state's failure to allege more specific dates." Id.

{¶11}    In this case, the separate counts of Short's indictment involved separate acts, not multiple counts involving the same act. The wording of each charge was different and described distinguishable behavior that occurred during two different spans of time. Furthermore, the state provided a bill of particulars that identified specific sexual acts that had occurred over a period of time beginning when M.M. was 12 years old. Based upon our review of the record, we conclude that Short had notice of the

acts alleged, the locations where they occurred, and the context in which they were carried out.

{¶12} At trial, M.M. testified to the details of multiple sexual acts that occurred in the bedroom at M.M.'s home and at various locations in Short's homes—including the basement, Short's bedroom, and a hot tub—over specific time periods. M.M. distinguished between various scenarios where Short had performed oral sex on him and had asked him to reciprocate, where Short had masturbated M.M. and had asked M.M. to reciprocate, and where Short had attempted anal sex. M.M. testified to being intoxicated from alcohol supplied by Short on numerous occasions, after which they had engaged in various sexual acts.

{¶13} Short never denied spending time with M.M. Instead, he confirmed many of the details M.M. had testified to, with the exception of any sexual encounters prior to M.M.'s nineteenth birthday. Because the record reveals that Short had notice of the specific allegations against him, we cannot conclude that he was denied due process through a duplicitous indictment. As a result, we overrule his second assignment of error.

### III. Sufficiency and Manifest Weight of the Evidence

{¶14} In his third assignment of error, Short argues the evidence supporting his convictions was insufficient, as a matter of law, to establish his guilt beyond a reasonable doubt, and, therefore, the trial court should have granted his Crim.R. 29 motions for acquittal. He further contends that his convictions were not supported by the weight of the evidence.

{¶15} But after reviewing the evidence presented at trial, in a light most favorable to the prosecution, we conclude that a rational trier of fact could have found that all the essential elements of sexual battery and gross sexual imposition had been

proven beyond a reasonable doubt. See *State v. Jenks* (1991), 61 Ohio St.3d 259, 259-260, 574 N.E.2d 492, paragraph two of the syllabus. Furthermore, we conclude that the trial court did not err in denying Short's motions for judgment of acquittal on the charges, where the evidence was such that reasonable minds could have reached differing conclusions about whether Short had committed each offense. See *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 381 N.E.2d 184, syllabus.

{¶16} Moreover, after reviewing the entire record, weighing the evidence and all reasonable inferences, and considering the credibility of the witnesses, we cannot conclude that the jury lost its way and created such a manifest miscarriage of justice that we must reverse Short's convictions and order a new trial. See *State v. Thompkins,* 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541. As a result, we overrule his third assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

**DINKELACKER, P.J., Sundermann** and **HENDON, J.,** concur.

Please Note:

The court has recorded its own entry this date.