THE STATE OF OHIO, APPELLEE, *v.* HALL, APPELLANT.

(No. 54191—Decided
January 30, 1989.)

*John T. Corrigan,* prosecuting attorney, and *James Cochran,* for appellee.

*Paul Markstrom,* for appellant.

---

[1] Appellant's assignments of error are:

I

"The trial court erred in ruling that testimony concerning juvenile acts of the appellant could be given as similar acts testimony when those acts were the subjects of juvenile court complaints and subsequent dispositions thereunder."

ANN MCMANAMON, C.J. Robert Hall, Jr. was indicted for kidnapping (R.C. 2905.01), rape (R.C. 2907.02) and aggravated robbery (R.C. 2911.01) with a gun specification. Before trial, Hall filed a motion *in limine,* seeking to prevent the state from introducing the testimony of two witnesses whom Hall had previously raped and robbed. These latter incidents occurred eighteen months earlier when Hall was a juvenile. The court overruled his motion after an evidentiary hearing. Hall then changed his plea to no contest, and the court found him guilty of rape, kidnapping and aggravated robbery, merging the rape and kidnapping charges upon conviction.

In two assignments of error[1] Hall argues the court erred in overruling his motion *in limine.* Because we find both assignments to be well-taken, we reverse the judgement of the trial court and remand the cause for further proceedings.

Initially, we must determine whether Hall properly preserved his claimed errors for review. The denial of a motion *in limine* does not preserve error for purposes of appeal, absent a proper objection at trial. *State* v. *Brown* (1988), 38 Ohio St. 3d 305, 528 N.E. 2d 523, paragraph three of the syllabus; *State* v. *Maurer* (1984), 15 Ohio St. 3d 239, 258-260, 15 OBR 379, 395-397, 473 N.E. 2d 768, 787-788. Although such a motion is a useful technique for raising the issue of admissibility outside the presence of the jury, the court's ruling does not actu-

II

"The trial court erred in ruling that under Evid. R. 404(B) testimony concerning two year old prior acts of the appellant would be admitted to prove identity in the trial of the instant case."

ally determine whether the evidence is admissible. Rather, a ruling *in limine* prevents a party from injecting improper evidence into the proceedings until the court is able to decide, in the context of the other evidence at trial, whether the evidence indeed is admissible. *State* v. *Grubb* (1986), 28 Ohio St. 3d 199, 28 OBR 285, 503 N.E. 2d 142.

A party cannot alter the interlocutory nature of a ruling *in limine* merely by pleading no contest to the charges and appealing the ensuing conviction. In such an event there remains no evidentiary ruling upon which error may be predicated. Matters which may be raised on appeal from a no contest plea are set forth in Crim. R. 12(H), which provides:

"Effect of plea of no contest. The plea of no contest does not preclude a defendant from asserting upon appeal that the trial court prejudicially erred in ruling on a pretrial motion, including a pretrial motion to suppress evidence."

A "pretrial motion" is defined as "[a]ny defense, objection, or request which is capable of determination without the trial of the general issue * * *." Crim. R. 12(B). A motion to suppress evidence is such a motion, but only if the basis for exclusion is that the evidence was illegally seized. Crim. R. 12(B)(3). Where the basis is other than illegal seizure, appellate courts have held that a no contest plea after an adverse ruling *in limine* does not preserve any error. *Columbus* v. *Sullivan* (1982), 4 Ohio App. 3d 7, 4 OBR 27, 446 N.E. 2d 485; *State* v. *Schubert* (Dec. 22, 1986), Seneca App. No. 13-85-22, unreported; *State* v. *Quinn* (Dec. 17, 1987), Franklin App. No. 86AP-1079, unreported. Nevertheless, there is authority that a plea is invalid if based upon the mistaken belief judicial review would be available. *Sullivan, supra; Quinn, supra.*

In view of the circumstances of the case at bar, we conclude the issue is preserved for review. The essential difference between a Crim. R. 12(B) motion and a motion *in limine* is that the former is capable of resolution without a full trial, while the latter requires consideration of the issue in the context of the other evidence. Thus, we agree with the results in *Sullivan, Schubert* and *Quinn,* where the appellate records consisted only of defense counsel's proffer of the excluded evidence. In those cases the trial court clearly never had the opportunity to consider the evidence in a context which would permit a determination of admissibility.

By contrast, in the case before us, all three rape victims testified at the hearing and were subject to cross-examination. Hall's juvenile parole officer appeared and provided certified copies of Hall's juvenile records, which were introduced into evidence. The parties and the court clearly regarded the proceedings as the equivalent of a suppression hearing. Indeed, during its colloquy with Hall, the trial court informed him he had preserved his right to appeal the matter by pleading no contest rather than guilty. In sum, it is apparent the evidentiary issue was fully developed and ripe for determination. Thus, while we strongly discourage the procedural strategy employed in this case, we nevertheless conclude the pertinent issues are preserved for review.

In his first assignment of error, Hall argues that R.C. 2151.358(H) forbids the state from using evidence of his juvenile rapes. When he was seventeen, Hall admitted the allegations in two juvenile complaints and was adjudged delinquent.

The statute shields juvenile offenders from the civil disabilities associated with criminal convictions, and further provides:

"* * * The disposition of a child

under the judgment rendered or any evidence given in court is not admissible as evidence against the child in any other case or proceeding in any other court, except that the judgment rendered and the disposition of the child may be considered by any court only as to the matter of sentence or to the granting of probation. * * *"

The state maintains, and the trial court agreed, that the testimony from Hall's previous victims does not fall within the statutory proscription. The state argues that the challenged testimony was not "evidence given in court" since neither victim actually testified at the juvenile proceedings.

Hall relies upon *State* v. *Bayless* (1976), 48 Ohio St. 2d 73, 2 O.O. 3d 249, 357 N.E. 2d 1035. In *Bayless*, the court rejected defendant's argument that R.C. 2151.358 bars the use of "other acts" evidence when the prior acts were never the subject of juvenile proceedings. The court held, at paragraph four of the syllabus:

"Evidence of acts by a defendant, which is otherwise admissible under R.C. 2945.59 and which does not constitute part of a disposition or evidence given in court, is not barred by R.C. 2151.358, even though the evidence tends to show the commission of another crime by the defendant when a juvenile."

Hall argues that in his case, unlike *Bayless*, the victims' testimony was "part of a disposition" because their accounts formed the basis of the juvenile charges. Hall's reliance on *Bayless* is misplaced. The court in that case did not determine the scope of R.C. 2151.358 but only held that in the absence of prior juvenile proceedings, the statute was inapplicable.

Admittedly, if the statute is strictly construed, the prior victims' testimony was not "evidence given in court." Moreover, the testimony was not the equivalent of a "disposition" as that term is employed in the Rules of Juvenile Procedure. Under the rules, juvenile proceedings are bifurcated into adjudicatory and dispositional hearings. Juv. R. 29 and 34. A disposition after adjudication is essentially the same as a sentence imposed after a finding of guilty in a criminal case. See R.C. 2151.355.

We conclude, however, that such a narrow construction would frustrate the clear purpose of R.C. 2151.358(H). Had Hall elected to be tried for the earlier offenses, the victims' testimony would have constituted "evidence given in court" and could not be used in his adult trial. We can discern no reason why the result should be different when the child admits the juvenile allegations. Such a construction would inject an irrational distinction into the statute which could not have been intended by the legislature.

Accordingly, we hold that when a child admits the allegations of a juvenile complaint, evidence of the acts which underlie the allegations is not admissible against the child in a subsequent case or proceeding, except as provided in R.C. 2151.358(H). Hall's first assignment of error is well-taken.

In his second assignment Hall argues the evidence was inadmissible pursuant to Evid. R. 404(B), which provides:

"Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

The rule bars the use of other acts evidence to show defendant had a propensity to commit the crime at issue. The evidence may be admissible, however, if it is shown that defendant committed the other acts by a similar, distinctive method. In that event, the

common characteristics are probative to identify defendant as the perpetrator of the charged offense. See *State* v. *Hector* (1969), 19 Ohio St. 2d 167, 174-178, 48 O.O. 2d 199, 203-205, 249 N.E. 2d 912, 916-918; *State* v. *Curry* (1975), 43 Ohio St. 2d 66, 72 O.O. 2d 37, 330 N.E. 2d 720.

The two earlier rapes occurred at about 6:30 p.m. on January 14 and 15, 1985 in the vicinity of the Euclid-Superior rapid station near East 131 Street. The first victim testified she was walking alone from the station down Superior when Hall approached her from behind and told her not to scream. Hall was holding a black gun with a long barrel. He forced her behind a restaurant trash dumpster, where he raped her orally. Hall rummaged through her purse, stole four dollars, and questioned her about the pictures in her wallet. After unsuccessfully attempting vaginal intercourse, Hall permitted her to leave.

On the following evening Hall accosted the second victim as she was walking from the rapid station to her car in the parking lot. Hall held a gun, which the victim described as a black German Luger, and told her not to scream or he would shoot her. He searched the victim's pockets and removed a necklace and a pen knife. He told her to enter the car, where he forced her to engage in oral intercourse. Hall instructed her to remove her clothes, and when she complied, Hall raped her vaginally. Hall then drove the victim's car along several streets in the area. The victim was able to escape by running from the auto into a store. According to the victim, Hall "talked a lot," inquiring about her family and the church she attended.

The rape which gave rise to the case at bar occurred nearly two years later, on November 28, 1986. The victim testified that she was walking on East 93 Street with her five-year-old daughter at about 7:50 p.m. when Hall appeared behind her. He grabbed her arm and told them to walk into a nearby garage. Once inside, the victim noticed Hall was holding a gun, which she was unable to describe at trial. Hall told her to kneel on the ground, and then demanded money. After looking through her purse, Hall forced her to engage in fellatio. He instructed her to remove her clothes, but she was able to divert him with the promise she would give him money if they went to her house. When they reached her home, the victim was able to escape by calling her aunt and leaving with her when she arrived. The victim testified that Hall was conversational in his manner, talking about himself and asking how old she was.

We hold that the trial court erred in admitting evidence of the earlier rapes. The prior offenses were similar in that they occurred on successive days at approximately the same time while both victims were leaving a rapid transit station. The third incident occurred in a different part of the city almost two years later, though we note Hall was incarcerated for nearly the entire period of time between the assaults. The characteristics shared by all three offenses — the act of oral intercourse, the robbery, the use of a gun and the conversational demeanor of the offender — are common in rape cases generally. We hold this conduct is not sufficiently distinctive to demonstrate the identity of the perpetrator. Further, were the evidence to be considered marginally probative, its relevance would be substantially outweighed by the danger of unfair prejudice. Evid. R. 403(A).

Accordingly, the second assignment of error is sustained. The judgment of the trial court is reversed, and this cause is remanded for a new trial.

*Judgment reversed
and cause remanded.*

NAHRA and SWEENEY, JJ., concur.