THE STATE OF OHIO, APPELLEE AND CROSS-APPELLANT,
*v.* ULIS, APPELLANT AND CROSS-APPELLEE.

[Cite as *State v. Ulis* (1992), 65 Ohio St.3d 83.]

(Nos. 92–281 and 92–526—Submitted September
16, 1992—Decided November 4, 1992.)

*Anthony G. Pizza,* Prosecuting Attorney, *Dean P. Mandross* and *John J. Weglian,* Assistant Prosecuting Attorneys, for appellee and cross-appellant.

*Konop & Cameron* and *Alan S. Konop,* for appellant and cross-appellee.

---

HOLMES, J.  The single issue presented in this case is whether appellant could assert his motion to suppress at a pretrial stage.  For the reasons that follow, we answer such query in the affirmative.

Both parties to this action have asserted that the court of appeals' interpretation of the motion to suppress in this case was too narrow.  Crim.R. 12(B) provides, with respect to pretrial motions to suppress, that:

"Any defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion. The following *must* be raised before trial:

"\* \* \* \*

"(3) Motions to suppress evidence, including but not limited to statements and identification testimony, on the ground that it was illegally obtained. \* \* \*"  (Emphasis added.)

Moreover, Crim.R. 12(H) states that "[t]he plea of no contest does not preclude a defendant from asserting upon appeal that the trial court prejudicially erred in ruling on a pretrial motion, including a pretrial motion to suppress evidence."

The court of appeals in this case held that although appellant's motion was labeled as a "Motion to Suppress," it was essentially a motion *in limine*[1] because it did not allege that the evidence was obtained illegally. However, in the context of the admissibility of breathalyzer test results, this court held in *Defiance v. Kretz* (1991), 60 Ohio St.3d 1, 573 N.E.2d 32, syllabus, that "[a] motion to suppress is a proper pretrial procedure for challenging breathalyzer test results when the defendant is charged with a violation of R.C. 4511.-19(A)(3). A plea of no contest does not waive a defendant's appeal from an adverse ruling on the motion." In *Kretz*, defendants alleged respectively that the breathalyzer was administered improperly and was not working properly. The trial court convicted the defendants after they filed pleas of no contest. The court of appeals affirmed the convictions because it found that the rulings on the admissibility of the breathalyzer test results were preliminary rulings on evidentiary matters and defendants' no contest pleas waived any evidentiary issues assigned as error. *Kretz, supra*, 60 Ohio St.3d at 2, 573 N.E.2d at 33.

This court, in reversing the court of appeals' decisions in *Kretz*, noted that the intent of the Criminal Rules was to "determine matters before trial when possible." *Id.* at 4, 573 N.E.2d at 34. Although the issues raised on motion to suppress here are constitutional in nature, the policy of early determination applies not only to constitutional issues but also to non-constitutional claims capable of determination without a trial on the general merits. *State v. Hennessee* (1984), 13 Ohio App.3d 436, 438, 13 OBR 525, 527, 469 N.E.2d 947, 950; *Kretz, supra*. This policy could be thwarted if the state and a defendant would be subjected to a trial where the case hinges upon an evidentiary issue capable of determination without additional evidence being elicited by either party.

In *State v. Hall* (1989), 57 Ohio App.3d 144, 567 N.E.2d 305, the issue before the Cuyahoga County Court of Appeals was whether the denial of a defendant's motion *in limine* could be the basis for an appeal where the testimony concerning other acts by the defendant, if introduced at trial, would be highly prejudicial to his case. The *Hall* court observed that where a motion *in limine* is treated as a motion to suppress (*i.e.*, a hearing is held at which testimony that is the subject of the motion is fully presented with cross-examination), any error in the trial court's ruling on the motion may be

---

1. In *State v. Grubb* (1986), 28 Ohio St.3d 199, 201–202, 28 OBR 285, 288, 503 N.E.2d 142, 145, this court stated that:

"* * * [A] motion *in limine*, if granted, is a tentative, interlocutory, precautionary ruling by the trial court reflecting its anticipatory treatment of the evidentiary issue. In virtually all circumstances finality does not attach when the motion is granted. * * *"

preserved for review, provided the court informs the defendant that he may preserve his right to appeal on the motion by pleading no contest rather than guilty. *Id.* at 146, 567 N.E.2d at 308.

In the case at bar, the trial court conducted a full-blown hearing where testimony was elicited upon the constitutional claims that were the subject of the motion, both parties were provided with cross-examination, and the parties stipulated that any error in the trial court's ruling on the motion would be preserved for review. Also, the record discloses that the trial court treated appellant's motion as a motion to suppress and approved of the stipulation negotiated by the parties in order to obtain appellant's plea of no contest.

Accordingly, for the foregoing reasons, the judgment of the court of appeals is reversed and the cause is remanded to the court of appeals to treat the merits of the trial court's decision on appellant's motion to suppress.

*Judgment reversed*
*and cause remanded.*

MOYER, C.J., SWEENEY, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

RESNICK, J., not participating.