DECISION.
The State of Ohio, plaintiff-appellant, appeals the judgment of the trial court granting the motion of the defendant-appellee, April Rollins, to suppress the evidence against her. For the reasons that follow, we hold that the trial court erred in granting the motion to suppress, and we reverse the judgment of the trial court.
Cincinnati Police Officer Vincent observed an automobile pulling into a White Castle parking lot at approximately 5:00 a.m. on April 5, 1998. Officer Vincent conducted a computer check of the license plate number of the car, and she learned that the owner of the car had had her driving privileges suspended. Officer Vincent testified that she observed a person matching the description of the car's owner driving the vehicle into the parking lot.
Rollins's car pulled into a parking space at White Castle, and Officer Vincent stopped her car behind Rollins's car. Officer Vincent testified that she approached the car, and Rollins emerged from the driver's side of the car. Officer Vincent asked Rollins for her driver's license, and she produced a letter indicating that her license was suspended but that she had limited driving privileges. Officer Vincent testified that she detected the odor of alcohol while talking to Rollins. When Rollins admitted to drinking alcohol, Vincent requested that Rollins perform field sobriety tests. Rollins failed the tests and was then arrested. Later, her blood-alcohol content was measured and was determined to be over the legal limit.
Rollins disputed the officer's version of the events, claiming that she was not the driver of the car when it pulled into the White Castle parking lot. She claimed that her sister was driving, and her sister testified likewise. According to Rollins's sister, she and Rollins were already out of the car before the officer approached them, and when they were ordered back into the car by the officer, she happened to sit in the passenger seat, even though she had been driving before. She stated that she still had the car keys when the officer questioned her and her sister. Rollins's sister testified that the officer ordered them to get out of the car again and then arrested Rollins.
Rollins filed a motion to suppress the evidence against her, claiming that the officer had no probable cause or reasonable suspicion to detain Rollins initially and had no evidence that Rollins was operating the vehicle, since the key was not in the ignition and Rollins's sister had actual possession of the keys. Officer Vincent testified that she could not recall where the key was located when she detained Rollins and later arrested her.
The trial court granted the motion to suppress, stating:
 Well, I believe everybody here. And there is a lack of memory about this key, and where it was. It's not clear that it ever was in the car. And I'm not sure as to who was driving before the officer came back to — and ordered the parties out of the car the second time. I'm going to grant the motion. I think there is contradiction about the operation of this vehicle. Motion is granted.
 Crim.R. 12(B)(3) permits a party to file a motion to suppress evidence "on the ground that it was illegally obtained." However, a court may address a motion to suppress only to the extent that the motion can be decided without "trial of the general issue." See, e.g., State v. Ulis (1992), 65 Ohio St.3d 83, 600 N.E.2d 1040.
Here, the trial court went far beyond a determination of the issue on the motion to suppress and actually ruled on the merits of the case. In essence, the court tried the general issue of the case and held that insufficient evidence supported the charge that Rollins had operated the vehicle.
The only issue before the trial court was whether the detention of Rollins was lawful. The officer testified that by running the vehicle's license plate number through her computer, she learned that the owner of the vehicle had had her license suspended. She further testified that she observed the driver of the automobile that morning, and that the driver matched the description of the owner of the car. The officer, therefore, had reasonable suspicion to detain Rollins and her sister. Thus, the initial stop was lawful. See State v. Erickson (1996), 76 Ohio St.3d 3, 665 N.E.2d 1091.
The trial court erred in granting the motion to suppress on the ground that conflicting evidence existed on the location of the key and the actual driver of the vehicle. The question raised by the motion to suppress was whether the evidence was illegally obtained, not whether the state could prove that Rollins was operating the vehicle. That is a matter to be determined at trial.
Therefore, the judgment of the trial court is reversed, and this cause is remanded for further proceedings.
Doan, P.J., and Winkler, J., concur
Please Note:
The court has placed of record its own entry in this case on the date of the release of this Decision.