JOURNAL ENTRY AND OPINION
{¶ 1} This is an appeal of a conviction after a guilty plea entered before Judge David T. Matia. Appellant Linda Castrataro claims the judge erred in overruling pretrial motions, including motions to suppress and for dismissal on speedy trial grounds. While the State contends that the guilty plea waived her right to appeal on these grounds, she counters that waiver cannot be enforced because the judge unfairly refused to accept a plea of no contest. We affirm.
 {¶ 2} From the record we glean the following: The then 32-year-old Castrataro was stopped for a traffic violation and, after a loaded gun was found in her purse, arrested for carrying a concealed weapon.[1]
During pretrial proceedings she was found incompetent to stand trial and her case was stayed, but after psychiatric treatment she was found competent and the case was reinstated. At a plea hearing on April 9, 2002, the prosecutor announced that Castrataro had agreed to plead guilty to an amended charge of attempt to carry a concealed weapon, which would reduce the offense from a fourth degree felony to a fifth degree felony.[2] The judge then questioned her about her willingness to enter the plea:
 {¶ 3} "THE COURT: Has anyone threatened you or promised you anything in order to get you to enter this plea agreement?
 {¶ 4} "MS. CASTRATARO: No, Your Honor. I plead no contest to the charges.
 {¶ 5} "[Castrataro's lawyer]: Is that okay, Your Honor, a no contest plea?
 {¶ 6} "[The prosecutor]: Can we go off the record?
 {¶ 7} "[Castrataro's lawyer]: Your Honor, we will plead guilty to the charge."
 {¶ 8} The judge then engaged Castrataro in a colloquy pursuant to Crim.R. 11, after which she entered a guilty plea.
 {¶ 9} Her appellate brief[3] asserts five assignments of error:
 {¶ 10} "I. The trial court abused its discretion by failing to allow appellant the opportunity to obtain an independent mental evaluation as authorized by the Ohio Revised Code.
 {¶ 11} "II. The trial court abused its discretion by failing to release appellant pursuant to the terms of her already established bond.
 {¶ 12} "III. The trial court abused its discretion by denying appellant's motion to suppress.
 {¶ 13} "IV. The trial court abused its discretion by denying appellant's motion to dismiss.
 {¶ 14} "V. The trial court abused its discretion by failing to set forth the basis for its denials."
 {¶ 15} We address these assignments together because they are all resolved by the same legal principles. The State contends, and we agree, that Castrataro's guilty plea prevents her from raising any of the assigned errors on appeal. A guilty plea waives all errors except those that affected the voluntariness of the plea.[4] In order to preserve her appellate rights relative to her pretrial motions she was required to enter a plea of no contest.[5]
 {¶ 16} Although not an issue originally, Castrataro claims in her reply brief that she attempted to plead no contest but the judge denied the plea in an off-the-record conversation. The transcript does reveal her desire to plead no contest to the amended charge, the prosecutor's request for an off-the-record discussion, and her eventual guilty plea. There is no indication of the substance of any off-the-record conversation and, therefore, she has failed to preserve error on the issue.[6] While a judge's unexplained refusal to accept a no contest plea can vitiate the knowing and voluntary nature of a subsequent guilty plea,[7] Castrataro has not pointed to any evidence in the record supporting this claim. Therefore, we do not recognize plain error on this unassigned issue because there is no evidence showing that she was unfairly coerced into abandoning the no contest plea in favor of the guilty plea.[8] The assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, J., AND JAMES J. SWEENEY, J., CONCUR
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc. App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E), unless a motion for reconsideration with supporting brief, per App.R. 26(A) is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] R.C. 2923.12.
[2] R.C. 2923.02(E), 2923.12(D).
[3] While we did not return the brief for failure to conform with appellate rules, we note that it failed to include a single table of cases and authorities but instead included separate tables for each assignment of error, failed to include a statement of facts with appropriate references to the record, and failed to attach the provisions of relevant statutes and rules. App.R. 16(A)(2), 16(A)(6), 16(E).
[4] State v. Kelley (1991), 57 Ohio St.3d 127, 566 N.E.2d 658, paragraph two of the syllabus.
[5] Crim.R. 12(I); Montpelier v. Greeno (1986), 25 Ohio St.3d 170, 171
n. 2, 25 OBR 212, 495 N.E.2d 581; State v. Ulis (1992), 65 Ohio St.3d 83,84-85, 600 N.E.2d 1040.
[6] State v. Spirko (1991), 59 Ohio St.3d 1, 15-16, 570 N.E.2d 229.
[7] State v. Carter (1997), 124 Ohio App.3d 423, 428-429,706 N.E.2d 409.
[8] State v. Barnes, 94 Ohio St.3d 21, 27, 2002-Ohio-68,759 N.E.2d 1240.