[Cite as *State v. Jordan*, 2025-Ohio-732.]

COURT OF APPEALS
MORROW COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, J. |
| Plaintiff - Appellee | : | Hon. Kevin W. Popham, J. |
| | : | Hon. David M. Gormley, J. |
| -vs- | : | |
| | : | |
| BRANT JORDAN, JR. | : | Case No. 2024 CA 0003 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas of Morrow County 2023 CR 0121

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      March 6, 2025

APPEARANCES:

For Plaintiff-Appellee

Edwin M. Bibler
60 E. High St.
Mt. Gilead, Ohio 43338

For Defendant-Appellant

Peter B. Galyardt
250 E. Broad St., Suite 1400
Columbus, Ohio 43215

*Gormley, J.*

{¶1} Defendant Brant Jordan, Jr. challenges his convictions in Morrow County on multiple felony charges involving his alleged possession of child pornography.  Though he contends that the jury's guilty verdicts on the charges were against the manifest weight of the evidence, we find otherwise and now affirm.

## Facts and Procedural History

{¶2} In June 2023, Verizon told the National Center for Missing and Exploited Children and the Internet Crimes Against Children Task Force that one of its customers had downloaded suspected child pornography.  Verizon has systems in place that automatically detect suspected child pornography, and that company then routinely notifies law enforcement when a customer downloads those images or videos.  The Verizon report in this case identified Jordan as the customer, and it included Jordan's email address, date of birth, and phone number.  The report was thereafter sent to Detective James Coulter of the Morrow County Sheriff's Office.

{¶3} Based on the contents of the report, Detective Coulter obtained a search warrant for Jordan's electronic devices.  Detective Coulter seized Jordan's laptop, touch-screen tablet, and phone, and the detective's subsequent search of the tablet and phone revealed hundreds of images and videos depicting child sex abuse. Detective Coulter did not find any illegal content on the laptop.

{¶4} In March 2024, Jordan was found guilty by a jury on four felony charges relating to the images and videos that were found on his tablet and phone.  It is from these convictions that Jordan appeals.

## The Convictions Were Not Against the Manifest Weight of the Evidence

**{¶5}** In his sole assignment of error, Jordan contends that his convictions were not supported by the manifest weight of the evidence. He argues that the jury lost its way in resolving what he claims was a conflict in the evidence relating to the identity of the person who downloaded the child pornography. We disagree.

**{¶6}** "In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the 'thirteenth juror,' and after 'reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered.'" *State v. Hane*, 2025-Ohio-120, ¶ 20 (5th Dist.), quoting *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997).

**{¶7}** "In weighing the evidence, the court of appeals must always be mindful of the presumption in favor of the finder of fact." *State v. Butler*, 2024-Ohio-4651, ¶ 75 (5th Dist.). "'The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the [trier of fact] is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony.'" (Bracketed text in original.) *State v. Williams*, 2024-Ohio-5578, ¶ 61 (5th Dist.), quoting *Seasons Coal Co., Inc. v. City of Cleveland*, 10 Ohio St.3d 77, 80 (1984). "[A]n appellate court will leave the issues of weight and credibility of the evidence to the factfinder, as long as a rational basis exists in the record for its decision." *State v. Sheppard*, 2025-Ohio-161, ¶ 66 (5th Dist.).

**{¶8}** Jordan did not testify at trial, call any witnesses, or introduce any exhibits. Jordan, instead, points to the testimony of Detective Coulter as introducing an evidentiary conflict regarding identity. Coulter testified that, when he first spoke with Jordan while officers were executing the search warrant, Jordan alleged that someone else must have accessed his devices and downloaded the images and videos without Jordan's knowledge or permission.

**{¶9}** The jury did not, however, lose its way in rejecting that rationalization. At trial, the state introduced uncontroverted evidence that Detective Coulter received a report from Verizon that a user of an electronic device owned by Jordan had downloaded suspected child pornography. Detective Coulter then testified that Verizon sends a report to law enforcement only when a customer takes permanent action to download the illegal content. The Verizon report here identified Jordan as the operator of the device.

**{¶10}** The state thereafter introduced substantial evidence tying Jordan to the phone and the tablet. When the devices were seized by Detective Coulter, they were in Jordan's sole possession. When Detective Coulter searched the devices, they were logged into WhatsApp group chats called "Kid Models VIP" and "Teen Models Only Fans." Jordan admitted to Detective Coulter that he was a member of these groups. Detective Coulter's search also revealed that the devices were logged into multiple accounts that listed Jordan's personal information. The search revealed, too, that no other person's accounts were being used on the devices. Moreover, the phone contained numerous clothed and unclothed selfies of Jordan, and the tablet was Jordan's personal work tablet.

**{¶11}** In light of the evidence that the state presented tying Jordan to the devices, the jury could reasonably have concluded that it was Jordan who downloaded the images. Certainly nothing in the record before us suggests that the jury lost its way.

**{¶12}** Jordan's hunch that someone else put the child pornography on his devices does not undermine the jury's verdicts. In a case on which he relies — *State v. Ryan*, 2018-Ohio-4739 (5th Dist.) — we addressed an unrelated appeal involving a defendant's convictions on several child-pornography charges. *Id.* at ¶ 1. That defendant testified at trial that he had never downloaded the images to his computer and that someone else must have done so. *Id.* at ¶ 9. As part of the police investigation in that case, the investigating officer checked that defendant's home for any unsecured Wi-Fi connections. *Id.* at ¶ 54. We concluded that the absence of any unsecured Wi-Fi connections, taken together with other circumstantial evidence tying that defendant to the computer, gave the jury a sound basis to conclude that the man was guilty. *Id.* at ¶ 58. Jordan now argues here that, because Detective Coulter did not check for any unsecured Wi-Fi connections in Jordan's home, the state did not establish that Jordan was the person who downloaded the child pornography found on his devices.

**{¶13}** Jordan's reliance on *Ryan* is misplaced. We never held in that case that the state must prove that no other person, aside from the accused, could have accessed his devices. *Ryan*, in recounting the steps taken by an officer, simply described certain investigative methods that could be used to prove identity.

**{¶14}** At trial in this case, the state introduced substantial circumstantial evidence identifying Jordan as the one who downloaded the child pornography. The jury was in

the best position to resolve any evidentiary conflicts, and the jury's findings were surely supported by a rational basis in the record.

{¶15} Our review of the record readily leads us to the conclusion that the jury's guilty verdicts were not against the manifest weight of the evidence. Jordan's sole assignment of error is overruled.

{¶16} For the reasons explained above, we affirm the judgment of the trial court.

By: Gormley, J.

Hoffman, J. and

Popham, J. concur.