[Cite as *State v. Herrera-Reyes*, 2025-Ohio-37.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| AMADO HERRERA-REYES aka | : | Case No. 24-COA-010 |
| AMADO HERRERA REYES, | : | |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Ashland County Court of Common Pleas, Case No. 23-CRI-043

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      January 8, 2025

APPEARANCES:

For Plaintiff-Appellee

CHRISTOPHER TUNNELL
Ashland County Prosecutor

ANDRES R. PEREZ
Ashland County Assistant Prosecutor
110 Cottage Street, Third Floor
Ashland, Ohio 44805

For Defendant-Appellant

BRIAN A. SMITH
Brian A. Smith Law Firm, LLC
123 South Miller Road, Suite 250
Fairlawn, Ohio 44333

*Baldwin, J.*

**{¶1}** The appellant, Amado Hererra-Reyes, appeals his sentence in the Ashland County Court of Common Pleas for his convictions on one count of Gross Sexual Imposition in violation of R.C. §2907.05(A)(1), one count of Pandering Obscenity Involving a Minor or Impaired Person in violation of R.C. §2907.321(A)(1), one count of Illegal Use of Minor or Impaired Person in Nudity-Oriented Material or Performance in violation of R.C. §2907.323(A)(2), one count of Endangering Children in violation of R.C. §2919.22(B)(5), and Tampering with Evidence in violation of R.C. 2921.12(A)(1).

### STATEMENT OF THE FACTS AND THE CASE

**{¶2}** On February 7, 2023, fifteen-year-old Jane Doe disclosed to a school counselor that the appellant was molesting her. Jane Doe told the investigating detective that the appellant would touch her vagina beneath her clothing at night. It happened over ten times over the span of four to five years. The appellant consented to a search of his cell phone, which produced ten nude photos of Jane Doe that were deleted the day the police confronted the appellant.

**{¶3}** On February 17, 2023, the appellant was indicted on two counts of Gross Sexual Imposition in violation of R.C. §2907.05(A)(1), six counts of Pandering Obscenity Involving a Minor or Impaired Person in violation of R.C. §2907.321(A)(1), four counts of Illegal Use of Minor or Impaired Person in Nudity-Oriented Material or Performance in violation of R.C. §2907.323(A)(2), one count of Possessing Criminal Tools in violation of R.C. §2923.24(A), one count of Endangering Children in violation of R.C. §2919.22(B)(5), and one count Tampering with Evidence in violation of R.C. 2921.12(A)(1).

{¶4} On February 23, 2023, the appellant entered a Plea of Not Guilty by Reason of Insanity and Competency to Stand Trial.

{¶5} On September 5, 2023, upon receiving the expert report from District V Forensic Diagnostic Center, which was stipulated to by the appellant, the trial court found the appellant competent to stand trial.

{¶6} On November 20, 2023, the appellant entered a plea of guilty to one count of Gross Sexual Imposition in violation of R.C. §2907.05(A)(1), one count of Pandering Obscenity Involving a Minor or Impaired Person in violation of R.C. §2907.321(A)(1), one count of Illegal Use of Minor or Impaired Person in Nudity-Oriented Material or Performance in violation of R.C. §2907.323(A)(2), one count of Endangering Children in violation of R.C. §2919.22(B)(5), and Tampering with Evidence in violation of R.C. 2921.12(A)(1).

{¶7} On February 15, 2024, the trial court sentenced the appellant to eighteen months in prison for Gross Sexual Imposition, eight to twelve years in prison for Pandering Obscenity Involving a Minor or Impaired Person, six to nine years in prison for Illegal Use of Minor or Impaired Person in Nudity-Oriented Material or Performance, six to nine years in prison for Endangering Children, and thirty months in prison for Tampering with Evidence. Sentences for Gross Sexual Imposition, Pandering Obscenity Involving a Minor or Impaired Person, Illegal Use of Minor or Impaired Person in Nudity-Oriented Material or Performance, and Endangering Children are to run consecutive to each other and concurrent to Tampering with Evidence.

{¶8} The appellant filed a timely notice of appeal and raised the following three assignments of error:

{¶9} "I. THE TRIAL COURT COMMITTED PLAIN ERROR IN FAILING TO MERGE COUNTS THREE, NINE, AND THIRTEEN FOR PURPOSES OF SENTENCING AS ALLIED OFFENSES OF SIMILAR IMPORT PURSUANT TO R.C. 2941.25, IN VIOLATION OF APPELLANT'S RIGHT AGAINST DOUBLE JEOPARDY UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION."

{¶10} "II. THE FAILURE OF APPELLANT'S TRIAL COUNSEL TO SEEK MERGER OF COUNTS THREE, NINE, AND THIRTEEN FOR PURPOSES OF SENTENCING, AS ALLIED OFFENSES OF SIMILAR IMPORT PURSUANT TO R.C. 2941.25, CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF APPELLANT'S RIGHT TO COUNSEL UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION."

{¶11} "III. THE TRIAL COURT'S IMPOSITION OF CONSECUTIVE SENTENCES UNDER R.C. 2929.14(C)(4) WAS NOT SUPPORTED BY THE RECORD."

**I.**

{¶12} In the appellant's first assignment of error, the appellant argues the trial court erred by failing to merge counts three, nine, and thirteen for purposes of sentencing. We disagree.

**STANDARD OF REVIEW**

{¶13} Appellate review of an allied-offense question is de novo. *State v. Miku*, 2018-Ohio-1584 (5th Dist.), ¶70, citing *State v. Williams*, 2012-Ohio-5699, ¶12.

**ANALYSIS**

**{¶14}** R.C. §2941.25 protects a criminal defendant's rights under the Double Jeopardy Clauses of the United States and Ohio Constitutions by prohibiting convictions of allied offenses of similar import:

> Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

> Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

**{¶15}** The application of R.C. §2941.25 requires a review of the subjective facts of the case in addition to the elements of the offenses charged. *State v. Hughes*, 2016-Ohio-880 (5th Dist.), ¶22. In a plurality opinion, the Ohio Supreme Court modified the test for determining whether offenses are allied offenses of similar import. *State v. Johnson*, 2010-Ohio-6314. The Court directed lower courts to look at the elements of the offenses in question and determine "whether it is possible to commit one offense and the other with the same conduct." *Id.* at ¶48. If the answer is in the affirmative, the court must then determine whether or not the offenses were committed by the same conduct. *Id.* at ¶49. If the answer to the above two questions is yes, then the offenses are allied offenses of similar import and will be merged. *Id.* at ¶50. If, however, the court determines that the

commission of one offense will never result in the commission of the other, or if there is a separate animus for each offense, then the offenses will not merge. *Id.* at ¶51. The "accused has the burden to demonstrate a reasonable probability that the convictions are for allied offenses of similar import committed with the same conduct and without separate animus[.]" *State v. Rogers*, 2015-Ohio-2459, ¶3.

{¶16} *Johnson's* rationale has been described by the Supreme Court as incomplete. *State v. Earley*, 2015-Ohio-4615, ¶11. The Ohio Supreme Court has further instructed courts to ask three questions when considering whether a defendant's conduct supports multiple offenses: "(1) Were the offenses dissimilar in import or significance? (2) Were they committed separately, and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered." *State v. Ruff*, 2015-Ohio-995, ¶31.

{¶17} The appellant did not raise the issue of merger at the trial court level. An accused's failure to raise the issue of allied offenses of similar import in the trial court forfeits all but plain error, and a forfeited error is not reversible error unless it affected the outcome of the proceeding and reversal is necessary to correct a manifest miscarriage of justice. *Rogers* at ¶3. Accordingly, the accused has the burden to demonstrate a reasonable probability that the convictions are for allied offenses of similar import committed with the same conduct and without separate animus. *Id.* Absent such a showing, the accused cannot demonstrate the trial court's failure to inquire whether the convictions merge for the purposes of sentencing was plain error. *Id.*

**{¶18}** The appellant appears to argue that the charges should all merge as they were part of the same course of conduct and that the images were all taken on the same date. However, there are distinct images in evidence for each count charged. Since this Court has repeatedly held, "multiple convictions are allowed for each individual image because a separate animus exists every time a separate image or file is downloaded and saved." *State v. Ryan*, 2018-Ohio-4739 (5th Dist.), ¶65; *quoting State v. Starcher*, 2015-Ohio-5250 (5th Dist.), ¶35.

**{¶19}** Therefore, we find the trial court did not err in rejecting the appellant's argument the offenses merged, as each count represented an image or video and a separate animus exists every time for each separate image or video.

**{¶20}** The appellant's first assignment of error is overruled.

## II.

**{¶21}** In the second assignment of error, the appellant argues trial counsel was ineffective for not seeking merger of Counts Three, Nine, and Thirteen. We disagree.

### STANDARD OF REVIEW

**{¶22}** Our standard of review for ineffective assistance claims is set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Ohio adopted this standard in the case of *State v. Bradley*, 42 Ohio St.3d 136 (1989). These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel. First, we must determine whether counsel's assistance was ineffective, i.e., whether counsel's performance fell below an objective standard of reasonable representation and was violative of any of his or her essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense

was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing there is a reasonable probability that but for counsel's unprofessional error, the outcome of trial would have been different. *Id.*

**{¶23}** Trial counsel is entitled to a strong presumption all decisions fall within the wide range of reasonable professional assistance. *State v. Sallie*, 1998-Ohio-343. In addition, the United States Supreme Court and the Ohio Supreme Court have held a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Bradley* at 143, *quoting Strickland* at 697.

### ANALYSIS

**{¶24}** The appellant argues that his trial counsel was ineffective for failing to argue Counts Three, Nine, and Thirteen should merge.

**{¶25}** As to the appellant's argument regarding merger, as previously discussed, we found that the counts do not merge. The appellant cannot, therefore, demonstrate prejudice.

**{¶26}** Accordingly, the appellant's second assignment of error is overruled.

### III.

**{¶27}** In the appellant's third assignment of error, the appellant argues the trial court's imposition of consecutive sentences is not supported by the record. We disagree.

### STANDARD OF REVIEW

**{¶28}** We review felony sentences using the standard of review set forth in R.C. ¶2953.08. *State v. Roberts*, 2020-Ohio-6722 (5th Dist.), ¶13, *citing State v. Marcum*, 2016-

Ohio-1002. R.C. §2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find either the record does not support the sentencing court's findings under R.C. §2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929(I), or the sentence is otherwise contrary to law. *Id.* citing *State v. Bonnell*, 2014-Ohio-3177.

## ANALYSIS

**{¶29}** "In Ohio, there is a statutory presumption in favor of concurrent sentences for most felony sentences." *State v. Corbett*, 2023-Ohio-556 (5th Dist.), ¶27. However, the sentencing court may require a convicted offender of multiple offenses to service the prison terms consecutively to one another if the court makes certain findings.

**{¶30}** R.C. §2929.14(C)(4) provides:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive sentence is necessary to protect the public from future crime or punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a)     The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b)      At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c)      The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶31}** Thus, the trial court must find that consecutive sentences are necessary to protect the public from future crimes and to punish the offender. In addition, the court must find that consecutive sentences are not disproportionate to the offender's conduct and the danger the offender poses to the public. Finally, the court must make at least one of these three additional findings: (1) the offender committed one or more of the offenses while awaiting trial or sentencing, while under a sanction imposed under R.C. §2929.16, §2929.17, or §2929.18, or while under post-release control for a prior offense, (2) at least two of the multiple offenses were committed as part of one or more courses of conduct; or (3) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. *See, State v. White,* 2013-Ohio-2058, ¶36.

**{¶32}** "In order to impose consecutive terms of imprisonment, a trial court is required to make findings mandated by R.C. §2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, 2014-Ohio-3177, syllabus. In other

words, the sentencing court does not have to perform "a word-for-word recitation of the language of the statue." *Id.* at ¶29. Therefore, "as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* The trial court is not required "to give talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Id.* ¶37.

**{¶33}** In the case *sub judice*, the trial court made the appropriate findings. In addition, the record shows the appellant started abusing Jane Doe when she was ten or eleven years old. The appellant was a trusted family member of the victim. Instead of protecting Jane Doe, he repeatedly fondled her while she attempted to sleep. In addition, he photographed his abuse and kept the pictures. The trial court noted that Jane Doe will continue to suffer the appellant's abuse for the rest of her life. We find that the trial court did not err in sentencing the appellant to consecutive sentences.

**{¶34}** Accordingly, the appellant's third assignment of error is overruled.

**CONCLUSION**

{¶35} Based upon the foregoing, the decision of the Ashland County Court of Common Pleas is, hereby, affirmed.

By: Baldwin, J.

Hoffman, P.J. and

King, J. concur.